## FLORIDA REAL ESTATE COMM., et al v. THORNE.

Real Estate Commission.

December 27, 1955.

G. C. Kenyon, General Counsel, Orlando, for the commission.

Omer S. Thacker and Russell S. Thacker, both of Kissimmee, for defendant.

Chairman J. E. HOLLENBECK, Sr. and commissioners MORRISON I. TAYLOR and WALTER S. HARDIN participated in the hearings and disposition of the case.

BY THE COMMISSION.

This proceeding came on for consideration of final order upon the examiner's report, the defendant's brief and oral argument of counsel for the parties.

The defendant broker had a listing agreement with Gotter pursuant to which she agreed to act as his agent in the sale of his property. After depositing $500 with her in connection with their offer to buy Gotter's property, the Armstrongs broke their agreement and authorized her to apply the $500 as a deposit on their offer to purchase another property. This arrangement was effected without Gotter's prior knowledge or approval, but when informed thereof by the defendant he ratified and approved it.

We are constrained to point out to the defendant that the law does not permit a real estate agent to make decisions for his principal concerning the election of remedies available to the principal-seller occasioned by a prospective purchaser's breach of a contract to purchase, even though the agent negotiated the contract.

A broker acts at his peril when he assumes to act for his principal, as the defendant did. In this instance she is saved from further responsibility to Gotter by the fortuitous circumstance that he later ratified her previously unauthorized act. Common prudence dictates that a broker not assume to make a determination that can be made only by his principal.

The Armstrongs delivered the sum of $500 to the defendant on September 2, 1953 in connection with their offer to buy the Gotter property. The defendant retained the money until February 21, 1955, which date was subsequent to the filing of a complaint with the commission. In the interim between the two dates the defendant made no effort to avail herself of the provisions of section 475.25 (1) (c), Florida Statutes 1953, quoted below—

> * * * provided, however, that, if the registrant shall, in good faith, entertain doubt as to his duty to account and deliver said property, or as to what person is entitled to the accounting and delivery, or if conflicting demands therefor shall have been made upon him, and he has not appropriated the property to his own use, or intermingled it with his own property of like kind, he may notify the commission promptly, truthfully stating the facts, and ask its advice thereon, or after notice thereof to the commission, shall promptly submit the issue to arbitration by agreement of all parties, or interplead the parties, or otherwise seek an adjudication of the question, in a proper court, and shall abide, or offer to perform, the advice of the commission or the orders of the court, or arbitrators, no information against him shall be permitted to be maintained;

We find that there is lacking a preponderance of evidence to establish a violation of the real estate license law, but we admonish the defendant to be more mindful of her rights and responsibilities as set forth therein. With this reprimand, the proceeding is dismissed.